

Richard Leland Neal
C/O, 1415 East Andy Devine
Kingman, Arizona [86401]



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

---

RICHARD LELAND NEAL;

     Plaintiff;

CV-S-05-1091-JCM-RJJ

vs.

GEORGE A. REED;

     Defendant.

**LODGMENT OF
COMPLAINT FOR
QUIETING TITLE**

**TRIAL BY JURY DEMAND**

---

| STATE OF ARIZONA | ) | |
| | ) ss. | **VERIFIED COMPLAINT** |
| COUNTY OF MOHAVE | ) | |

## STATEMENT OF THE CASE

1.    Now comes Richard Leland Neal in peace, the real party of interest, (hereafter

    Plaintiff) alleges, being an injured creditor, with firsthand knowledge, over the

    age of: 21, years, of sound mind and competent, in Good Faith, within time, in

    honor, without argument, without prejudice, without displace rights; and

**Page 1 of 23**

2.    The Plaintiff further alleges filing this action for Quieting title against the Defendant, GEORGE A. REED (hereafter Defendant) and any unknown heirs and assignees for barring and forever estoppel the Defendant and any unknown heirs and assignees interest in the property junior and subordinate for that of Plaintiff's, interest, from having and claiming any right, title, estate, interest, claim, and lien against the Plaintiff's, freehold estate seisin in law derived from the original united States Land-Grant, Patent-Number: 733019 dated, February: 4, 1924; and

## JURISDICTION

3.     The Plaintiff alleges offering the Lodgment of the above Complaint for Quieting

title and promises for proceeding for remedy of acceptance of: dishonor, supra

protest for honor curing any defects under a special restricted appearance within

the Admiralty, in a court of: record under the rules and principals of equity for

discharging obligations by affirmative relief for obtaining a judgment by

Estoppel against the Defendant and any unknown heirs and assignees; and

4.     Plaintiff further alleges giving grounds for hearing the above cause of actions

before an independent decision-maker under the controlling issues of the

Savings-to-suitors Clause pursuant, Title: 28, U.S.C.A.  Sections: 1343(3),

1338(a),1333(1), 1332(1), 1331, F.R.C.P. Rule: 9(a), Article: III, Section: 2,

clause: 1, 2, and acts of Congress enforced by original/exclusive jurisdiction

thereunder in an action seeking relief for obtaining a judgment by Estoppel

against the Defendant and any unknown heirs and assignees notwithstanding any

other laws; and

## VENUE

5.     Plaintiff further alleges venue is appropriate within the admiralty under, Title: 28

U.S.C. Section: 1391(d); and

## NOTICE
## RESTRICTIONS REPRESENTATIONS AND WARRANTIES

6.    Plaintiff alleges being under a restricted special appearance and the above cause of action is wrapped in restrictions, representations, and warranties with prejudice; and

7.    Plaintiff further alleges the Defendant and any unknown heirs and assignees are forever barred from arguing and controverting the issues in the above cause of actions by administrative process with the Plaintiff; and

8.    Plaintiff further alleges Richard Leland Neal's, Declaration and Notice are subject for the limitations referenced herein and laches/estoppel shall forever bar the same against said Allodial freehold estate assessment lien theory for the contrary, See ARIZONA REVISED STATUTES under, Title: 42, Section: 1821 and 275 ors 130; and

9.    Plaintiff further alleges the Defendant and any unknown heirs and assignees are now barred by: res-judicata, Contractual, Promissory, Collateral and Equitable Estoppel from arguing and controverting the issues administratively and judicially under the Doctrine of: Ratification, See Perkins v. Rich, 415 N.E.2d 895 (App.Ct. Mass. 1981) and the Doctrine of Law prevails; and

Page 4 of  23

## PARTIES

10.   Richard Leland Neal the real party of interest, is the priority principal creditor, a holder and a holder in due course, is a free, single, sovereign, white, man, inhabitant on the Land, created of: God and of no entity, over the age of: 21, years, of sound mind and competent, a non-attorney litigant whose mail delivery is in the C/O, 1415 East Andy Devine, Kingman, Arizona [86401]; and

11.   The Defendant, GEORGE A. REED, a settler securing a homestead under Land Patent-number: 733019 on, February: 4, 1924, is of sound mind, competent, and over the age of 21: years, whose mailing address is in the C/O, General Delivery, Las Vegas, Nevada; and

## STATEMENT OF THE FACTS
## QUITE TITLE

12.    Now comes the Plaintiff an alleges being an assignee is first in place and first in time and a preamble de jure Freeholder claiming right, title, and interest in the original united States Land-Grant, Patent-number: 733019 seisin in law and one of the men that inhabitants on the Land, and never knowing alienated from being one of the men of the America; and

13.    Plaintiff alleges pursuant for an Act of: Congress admitting the Territory of: Arizona into the Union in 1912 upon equal footing, full faith, and credit, whereupon assignee is not restrained by conventional disability for lawful entry upon the premises of the original united States Land-Grant, Patent-number: 733019; and

14.    Plaintiff alleges having and for holding the same in the nature of: postliminy, i.e., the right of: postliminia says vattell is that in virtue of which property and things taken by the adversary are restored for their former state on coming into the power of the nation for which they belong,  See Leitensdorfer v. Webb, 1 N.M. 34, 44; and

15.   Plaintiff alleges as an assignee of the real property forever, an ALLODIAL FREEHOLD ESTATE at law, as a constituent sovereign member of the posterity of the men of: America; and

16.   Plaintiff alleges as an assignee is not a person and taxpayer defined by state/federal law merchant statutes and not under the Venue and Jurisdiction of the State and Federal Executive Branch of Government, is not a resident alien nor foreign corporation, U.S.C. Title XI et seq, 26 U.S.C./I.R.S, 42 U.S.C. et seq, See Long v. Rasmussen, 281 F. 236, at Page 238; and

17.   Plaintiff alleges as an assignee is not a cestui que trust, beneficiary of the State of Arizona, Inc.(sic), STATE OF ARIZONA (sic) id est, a municipal-corporation, entity, and political-subdivision of: Congress for the District of Columbia by reciprocal compacts, agreements, duties, and obligations; and

18.   Plaintiff alleges acts of: Congress making notes of the United States, a legal tender does not apply for involuntary constitutions in the nature of: taxes and assessments,  et. al., fines, penalties, forfeitures exacted under, state law, See Hagar v. Land Reclamation district 108, Ill U.S. 701 U.S. S.Ct., (1884); Lewis v. U.S., 680 F.2d 1239 (1982); 12 U.S. Constitution, (1781-1791), state of the Arizona enjoined by the Article: II, Section: 25, Arizona-Constitution, 1912, ex-post facto law and ultra vires public policy in accordances with public policy,

H.J.R. 192, Title: 31 U.S.C. 408 of: June: 5, 1933 et seq, Title: 31 U.S.C. enactments for the contrary, notwithstanding; and

19.     Plaintiff alleges the authority under, Richard Leland Neal's, Declaration is executed emanates direct from the word of the OMNIPOTENT, mot high GOD as appears in the Holy Scriptures, KJV at: EXODUS 20:12, which edict states: Honor thy father (Elohim) and thy mother that thy father's and thy mother's days may be long upon the land which the LORD thy GOD giveth thee for an inheritance, for possessing the land, for this is the first law with promise, AMEN; and

20.     Plaintiff alleges pursuant for the Declaration of the Independence (1776); the Treaty of: Peace with Great Britain, 8 Stat. 80 known as the Treaty of: Paris: 1783; an Act of: Congress, April 24, 1820; the Treaty of: Guadalupe Hidalgo, 9 Stat. 922, June 15, 1848; the Homestead Act, Section: 4 in 1862; an Act of: Congress, 1851 et. seq March 03, 1891 and 43 U.S.C. Sections: 57, 59, and 83; the recipient hereof is mandated by the Article: VI, Sections: 1, 2, and 3; Article: IV, Sections: 1, 2, clause: 1,3, clause: 1 and 2, and Sections: 4; the 4th, 7th, 9th, and 10th, Amendments of the united States, Constitution of: 1781-1791; and

21.   Plaintiff alleges as an assignee initiating the proceeding for the acquisition of the land described in the united States Government Land-Grant, Patent-number: 733019 dated, February: 4, 1924 in seisin updating in the name of: Richard Leland Neal gaining possession of the freehold estate in land and Notice of the Preemption Right, prosecuted by the authority of: Article: III, Section: 2, clause: 1 and 2, and acts of Congress and enforced by original/exclusive jurisdiction thereunder, perfecting the title in the name of: Richard Leland Neal, See <u>Wilcox v. Jackson, 13 PET. U.S. 498, 10L. Ed. 264</u>; and

22.   Plaintiff alleges being an assignee in: law and bona fide subsequent purchaser of a possessory interest pursuant for an agreement with a governmental entity under, color of title for that certain legal described portion of land described in the Original Land-Patent, Number: 733019 authorized for being executed in pursuance of the Supremacy of the Treaty-Law, Citation and Constitutional mandate, herein referenced, whereupon an authenticated true and correct legal description, together with any/all hereditament, preemption rights with LAWFUL and VALUABLE CONSIDERATION; and

Page 9 of 23

23.    Plaintiff alleges lawful entry is inclusive of specific and certain legal described portion of the original grant, Patent-number: 733019 and of the whole thereof, including hereditament, tenements, preemption rights appurtenant thereto and the signing of the Plaintiff's,  Declaration shall not be construed for denying and infringing upon any other rights; and

24.    Plaintiff alleges any challenges for the validity of: Richard Leland Neal's Declaration and Notice are subject for the limitations referenced herein and laches/estoppel shall forever bar the same against said Allodial freehold estate; assessment lien theory for the contrary, See ARIZONA REVISED STATUTES under,  Title: 42, Section: 1821 and 275 ors 130; and

25.    Plaintiff alleges the Declaration for the Land Grant is mandated under, Article: 6, Paragraph: 2 and 3 of the united States, Constitution, Section: 1 of the 14th, Amendment enforced under, Section: 3 of the 14th, Amendment and Section: 3(1) of the Article: III of the united States, Constitution; and

26.    Plaintiff alleges the declaration request action in a manner known as nunc pro tunc, as it should have been done in the beginning, and by order of the United States Supreme Law mandate as endorsed by case history under the supremacy Clause as cited hereinafter:

27.   Plaintiff alleges being the assignee for the Land Grant, Patent-number: 733019;
and

28.   Plaintiff alleges the Land patents are a statute on the books, an act passed by the
Congress and signed into law by the President of the united States of the
America and as such it is a law of original jurisdiction under the constitution for
the united States of the America and there is no provision made granting the
State of Arizona (sic), STATE OF ARIZONA (sic)and its franchisees, entities,
agents, employees thereof authority and jurisdiction over the private land patent-
number: 733019, See <u>McCulloch v. Maryland, 17 U.S. (4Wheat) 316 (1819</u>;
<u>Summa Corp. v. California Ex. Rel. lands Comm'n, 466 U.S. 198, 202 (1984)</u>;
<u>United States v. Coronado Beach Co., 265 U.S. 472</u>; and

29.   Plaintiff alleges a grant of: land is a public-law standing on the statute-books of
the State, and is notice for every subsequent purchaser under the conflicting sale
afterward, See <u>Wineman vs. Gastrel 54 FED, 819, 4 CCA 96, 2 US APP 581</u>.
A patent alone passes title for the Grantee, See <u>Wilcox vs. Jackson, 13 PET U.S.
498, 10 L.ed 264</u>; and

30.   Plaintiff alleges where the united States parted with the title by a legal issued
patents and upon legal surveys made by the united States itself and approved by
the proper department, the title so granted can not be impaired by any

subsequent survey made by the government for the government's own purposes, See <u>Cage vs. Danks 13, La. Ann 128</u>; and

31.   Plaintiff alleges the Private Land-Grant under patent-number: 733019 becomes the property of the Plaintiff as no one else has followed the proper steps for getting legal title, the final certificate and receipt acknowledging the payment in full by a homesteader and pre-emptor does not by legal means effect a conveyance of: land, See <u>U.S. vs. Steenerson, 50 RF. 504, 1 CCA 552, 4 U.S. App 332</u>; and

32.   Plaintiff alleges the Land-Patents are conclusive evidence that the Patent complies with the Act of: Congress as concerns improvements on the land etc, See <u>Jenkins vs. Givson, 3 LA ANN 203</u>; and

33.   Plaintiff alleges the Plaintiff's, Declaration of the Land Grant and Declaration of Acceptance of Land Patent Assignment is the way that a Perfected title is acquired in the name of: Richard Leland Neal, See <u>Wilcox vs. Jackson, 13 PET. U.S. 498, 10 LED 264</u>; and

34.   Plaintiff alleges that all questions of the fact decided by the General, Land-Office are findings everywhere, and injunctions and mandamus proceedings will not lie against the Plaintiff's, Declaration and acceptance, See <u>Litchfield vs. The Register, 9 Wall, U.S. 575, 19 LED 681</u>; and

35.   Plaintiff alleges the assignment by the patentee for the title and rights of a bona
      fide purchaser will be protected, See <u>United States vs. Debel, 227 F. 760 (1915)</u>;
      <u>United Stated vs. Beaman, 242 F. 876 (CA8 Colo. 1917)</u>; <u>State vs. Hewitt land
      Co., 74 Wash 573, 134 P. 474 from 43 USCS & 15, n 44 (1913)</u>; and

36.   Plaintiff alleges as an assignee:  whether the assignee be the first, second, and
      third party for whom title is conveyed shall loose none of the original rights of
      the original grantee of the land-patents so says the U.S. Constitution under,
      Article: 1, Section: 10, No state shall impair the obligations of a contract; and

37.   Plaintiff alleges in cases of ejectment, where the question who has the legal title,
      the Patent of the government is unassailable, See <u>Sanford vs. Stanford, 139 U.S.
      642, 35 L. Ed. 290</u>; and

38.   Plaintiff alleges in Federal courts, the Patent is held for being the foundation of
      the title at law, See <u>Fenn vs. Homes, 21 Howard 481</u>; and

39.   Plaintiff alleges the administration of the land system in the united States is
      vested in the Executive Department of the government, first in the Treasury and
      now in the  Department of the Interior, Bureau of Land Management and the
      officers charged with the disposal of the public domain under the authority of:
      acts of: Congress are required and empowered for determining the construction
      of those acts so far as those acts relate for the extent and character of the rights
      claimed under the acts and for being given through the officers actions for

individuals and a portion of the political power of the government, and courts of justice must never interfere with it, See <u>Marks v. Dickson, 61 U.S. 20How, 501, (1857)</u>; and

40.  Plaintiff alleges the State statutes that gives a lesser authoritative ownership of title than the patent can not even be brought into the Federal courts, See <u>Langdon v. Sherwood, 124 U.S. 74, 81 (1887)</u>; and

41.  Plaintiff alleges the intent being searched for by the court in a government patent is the intent which the government had at the time, and not what the intent would have been had no mistake been made and a patent can not be declared void at law, nor can a party travel behind the patent for voiding the patent, See <u>Hooper et.al. V. Scheimer, 64 U.S. 235</u>; and

42.  Plaintiff alleges that the real property of interest described in the United States Land Grant, patent-number: 733019 is immune from collateral attack, See, <u>Collins vs. Bartlett, 44 Cal 371</u>; <u>Weber vs. Pere Marguette Boom Co., 62 Mich 626, 30 NW 460</u>; <u>Surget vs. Doe, 24 Miss 118</u>; <u>Pittsmont Copper Co. vs Vanina 71 Mont. 44, 227 Pac 46</u>; <u>Green vs. Barker, 47 Neb 934 66 NW 1032</u>; <u>Raestle v. Whitson, 582 P.2d 170, 172</u>; and

43.  Plaintiff alleges that the Defendant, is an assignor having assigned the rights for the patent, is now barred from attacking the patent's, validity described in the united States Land Grant, Patent-number: 733019 dated, February: 4, 1924

under the assignor estoppel. See <u>Westinghouse Elec, & Mfg. Co. v. Formica</u>

<u>Insulation Co., 266 U.S. 342, 45 S.Ct. 117 (1924)</u>); and

## ISSUES OF THE CASE
## COUNT-ONE
## QUIET-TITLE ACTION

44.     Now comes Richard Leland Neal, (hereafter Plaintiff) affirms and incorporates by reference the allegations in paragraph: 1 through 43 as if stated herein; and

45.     Now the Plaintiff, alleges the Setters, GEORGE A. REED, (hereafter Defendant) and any unknown heirs and assignees with knowledge, without authority, capacity, title, lien, estate, and interest in the property and rights for the patent number: 733019 dated, February: 4, 1924 under, color of state law attacking the Plaintiff's, validity for the patent seisin in law and the approximate cause of the Quiet-title action; and

46.     Plaintiff further alleges as an assignee initiates the proceeding for the acquisition of the property and rights of the Defendant's, Land-Grant under, Patent-number: 733019 in seisin updating in the name of: Richard Leland Neal gaining possession of the freehold estate in land and Notice of the Preemption Right, prosecuted by the authority of: Article: III, Section: 2, clause: 1 and 2 of the United States Constitution and enforced by original/exclusive jurisdiction under, acts of Congress, perfecting the title in the name of: Richard Leland Neal; and

47.     Plaintiff further alleges, the Defendant voluntary assign the rights, title, estate, and interest for other assignees who assign the rights, title, estate, and interest of the Patent-number: 733019 for the Plaintiff and shall loose none of the

original rights of the original grantee of the patent whether assigned by the first, second, and third party assignor; and

48.     Plaintiff further alleges the Plaintiff's, Declaration for the title is first in time and first in place and superior for any right, title, estate, and interest of the Defendant and any unknown heirs and assignees where the united States parts with the title by a legal issued patent and upon legal surveys made by the united States itself and approved by the proper department and the title so granted can not be impaired by any subsequent survey made by the government(sic) for the government's own purposes; and

49.     Plaintiff further alleges the Defendant and any unknown heirs and assignees claim, authority, capacity, title, lien, estate, and interest in the property and rights for the Land-Grant under, patent-number: 733019 under, color of state law are in violation of the 5th, Amendment, Article: one, Section: 10 of the United States Constitution, public policy, and impairing the obligations of contracts, impeding commerce; and

50.     Plaintiff further alleges that because the Defendant and any unknown heirs and assignees maintains a policy and custom of such unreasonable acts, and because such acts abridge fundamental laws and acts of Congress, shocking the conscience and because such acts complained of alters the Plaintiff's, position

for substantive injury in irreparable damages by the Defendant and any unknown

heirs and assignees; and

## INJURIES

51.   The Plaintiff, Richard Leland Neal, alleges the Defendant, GEORGE A. REED, and any unknown heirs and assignees under color of state law without authority, capacity, title, lien, estate, and interest in the property and rights for the patent number: 733019 the Plaintiff suffers the following injuries:

   a.   Loss of: property; and

   b.   Loss of: income; and

   c.   Loss of: revenue which unjustly enriched others; and

   d.   Loss of: time spent not servicing other business opportunities: and

   e.   Embarrassment, humiliation, emotional distress, grief, loss of a good reputation, Loss of: freedom, and mental anguish; and

## DAMAGES

19.   The Plaintiff, Richard Leland Neal alleges the injuries cause by the Defendant, GEORGE A. REED and any unknown heirs and assignees are irreparable damages under color of state law for the property and rights thereof described in the Land-Grant under, Patent-number: 733019, dated, February: 4, 1924; and

## REQUEST FOR RELIEF

20.    Wherefore the Plaintiff, Richard Leland Neal request the herein equitable, admiralty, court of: record grant the Plaintiff a judgment by estoppel as follows:

21.    Wherefore the Plaintiff, Richard Leland Neal requests for the immediate barring and forever estoppel the Defendant, GEORGE A. REED and any unknown heirs and assignees interest in the property and rights as junior and subordinate to that of Plaintiff's, from having and claiming any right, title, interest, estate, and lien against the Plaintiff's, freehold estate seisin in law from the original united States Land-Grant under, Patent-number: 733019in favor of the Plaintiff, Richard Leland Neal; and

22.    Wherefore the Plaintiff, Richard Leland Neal in addition requests for the immediate alternative relief for whatever the equitable, admiralty, court of: record renders the Plaintiff is entitled against the Defendant, GEORGE A. REED and any unknown heirs and assignees in favor of the Plaintiff, Richard Leland Neal; and

## VERIFICATION

23.    Richard Leland Neal, a free, single, sovereign, white, man, inhabitant on the Land offers the above Complaint within the equitable, admiralty, court of: record by affirming under the penalty of: perjury the telling of the truth, the

whole truth, and nothing but the truth, and asserts as correct, and complete for

the best of: Richard Leland Neal's, knowledge, information, belief, and

understanding with firsthand knowledge of the facts, subscribes on the herein

Complaint by, before me, on: 09/06/2005 in Good Faith with subject matter and

issues in Richard Leland Neal's own Right in de nova, ministerial, admiralty,

equitable, capacity review; and

Affirm by: 

                Richard Leland Neal,

                Non-attorney litigant,


# ACKNOWLEDGMENT

As a Notary Public, State of Arizona, Richard Leland Neal appeared on: 09/06/2005

before me in person and known satisfactory by me and executed the foregoing signature

as witness by my hand and seal:


**NOTARY PUBLIC, STATE OF ARIZONA**

NOTARY PUBLIC
STATE OF ARIZONA
Mohave County
LESLIE L.E. MESTAYER
My Commission Expires 06/24/06

**MY COMMISSION EXPIRES**

# CERTIFICATE OF COMPLIANCE

The Plaintiff, Richard Leland Neal certifies the compliance of the Complaint as fixed

type size 14 Pitch lettering Times New Roman font double-spaced except footnotes and

indented quotations, and does not exceed 28 lines per page on 8-1/2 by 11 inch

unglazed paper signed as provided under,  Rule: 11 of the Federal Rules of Civil

Procedure; and

By: _____

# STATEMENT OF RELATED CASES

1.     There is no other known related cause of action pending in the United States

District Court for the District of Nevada; and

By: _____